```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

LYNETTE STEWART                          CIVIL ACTION

VERSUS                                   NO: 13-823

MODERN AMERICAN RECYCLING                SECTION: J
SERVICES, INC., DWIGHT J.
CATON, SR., and SHORE
CONSTRUCTION, L.L.C.
```

## ORDER AND REASONS

Before the Court are Defendants' *Motion to Dismiss or Alternatively, Motion for Summary Judgment* **(Rec. Doc. 44)**, Plaintiff's *Opposition* **(Rec. Doc. 51)**, and Defendants' *Reply* **(Rec. Doc. 57)**. Defendants' motion was set for hearing on the briefs on Wednesday, December 18, 2013. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for reasons expressed below, that Defendants' motion should be **GRANTED IN PART** and **DENIED IN PART.**

### PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of allegations of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Louisiana Employment Discrimination Law ("LEDL"). Plaintiff, Lynette Chyrie Stewart ("Plaintiff"), was an employee of Defendant Modern American Recycling Service, Inc. ("Modern"). Plaintiff alleges that while she was employed at

1

Modern, her supervisor, Defendant Dwight Caton ("Mr. Caton"), sexually harassed her by pulling up her blouse, touching her breasts, and making repeated comments regarding her breasts.[1] Plaintiff claims to have suffered extreme anxiety and distress that necessitated medical treatment. Mr. Caton is the owner and registered agent of Modern.

Plaintiff alleges that Mrs. Kristi Yates-Caton ("Mrs. Yates-Caton"), who recently married Mr. Caton, is an officer of Defendant Shore Construction, L.L.C. ("Shore"), and is also the Senior Vice President of Modern. Plaintiff alleges that Shore and Modern share office space, a kitchen, and common phone and computer systems. Additionally, Plaintiff alleges that Mr. Caton and Mrs. Yates-Caton share a common office and fax machine. According to Plaintiff, Mr. Caton and Mrs. Yates-Caton jointly run Modern and Shore as a single, common enterprise that together has over 300 employees. Plaintiff alleges that Modern itself has seventeen (17) employees, plus contract workers. Defendants maintain that although Mr. Caton owns Modern, he has no affiliation with Shore in any way.

Plaintiff filed a charge of sexual discrimination against Modern with the Equal Employment Opportunity Commission ("EEOC") on

---

[1] Examples of the comments that Mr. Caton allegedly made are: calling Plaintiff a "cow," telling Plaintiff to "come on over here, I'm bored ... it's boob playing time when I'm bored," and referring to Plaintiff's breasts as "utters [sic]" or "big old titties." (Pl.'s Compl., Rec. Doc. 1, ¶¶ 10, 37, & 45). A third party salesman also affirms that Mr. Caton initially identified Plaintiff to him by calling her "the big titted blond" and that Mr. Caton referred to Plaintiff as "cow tits." (Dec. of Tony Serventi, Rec. Doc. 1-9, ¶¶ 2-3).

November 28, 2012, and despite an allegedly clean employment record, Plaintiff's employment with Modern ended the following day. The parties dispute whether Plaintiff was terminated or voluntarily ended her employment. Plaintiff filed a second EEOC charge of retaliation against Modern on December 3, 2012. The EEOC issued Plaintiff a right-to-sue notice regarding Modern on February 14, 2013. Plaintiff also filed a charge with the EEOC against Shore on September 4, 2013, and the EEOC issued a right-to-sue notice regarding Shore only one day later, on September 5, 2013. On April 15, 2013, Plaintiff filed suit against Caton, individually and in his supervisory capacity. On October 8, 2013, Plaintiff amended her complaint to add Shore as a defendant. It appears to be uncontested that in her EEOC charge against Shore, Plaintiff named Mr. Caton, and not Mrs. Yates-Caton, as Shore's representative, and for that reason, the EEOC right-to-sue notice regarding Shore was served only on Mr. Caton, and not on Mrs. Yates-Caton.

On December 2, 2012 and December 3, 2012, Plaintiff's counsel faxed two written letters to the common fax machine for Modern and Shore. Both letters were addressed solely to Mr. Caton as President of Modern and stated that Plaintiff intended to offer an opportunity to settle before she filed suit. There was no mention of Shore in either of the letters.

Plaintiff filed suit on April 15, 2013, and Defendants filed a motion to dismiss. On August 16, 2013, the Court granted

3

Plaintiff leave to amend her complaint to remedy any unclear allegations regarding Shore. (Rec. Doc. 33). Plaintiff filed an amended complaint on October 8, 2013, and Defendants filed the instant *Motion to Dismiss or Alternatively, Motion for Summary Judgment* **(Rec. Doc. 44)** on November 26, 2013.

### PARTIES' ARGUMENTS

### A. Title VII Claims

Defendants argue that Plaintiff's Title VII claims should be dismissed because the EEOC issued right-to-sue notices to Plaintiff without fulfilling its statutory obligation to investigate Plaintiff's claims. Defendants argue that because Plaintiff filed charges with the EEOC against Modern on November 28, 2012 and December 3, 2012, and the EEOC issued the right-to-sue notice on February 14, 2013, the EEOC could not possibly have had time to fully investigate Plaintiff's claims against Modern. Defendants make the same argument with respect to the right-to-sue notice regarding Shore, which was issued only one day after Plaintiff filed her EEOC charge. Defendants urge the Court to adopt the D.C. Circuit's reasoning in *Martini v. Federal National Mortgage Association* and find that Plaintiff was not permitted to file suit against Defendants until 180 days after she filed her EEOC charges.

Plaintiff points out that in both of the right-to-sue notices, the EEOC specifically stated that it was likely unable to complete an investigation within 180 days of the date that Plaintiff filed

the charges and therefore, the EEOC was terminating its processing of the charges. Both right-to-sue notices also stated that Plaintiffs' lawsuit would have to be filed within ninety (90) days of her receipt of the letters, lest she lose her right to sue. Plaintiff argues that if she had not filed suit within ninety (90) days of her receipt of the right-to-sue notices, Defendants would have then sought to have her Title VII claims dismissed on that ground.

### B. Louisiana Employment Discrimination Law (LEDL) Claims

#### 1. LEDL Claims Against Shore

##### a. Shore's Employer Status

Shore argues that Plaintiff's LEDL claims against it should be dismissed because Shore was not Plaintiff's employer for purposes of the LEDL. According to Shore, it never paid Plaintiff's wages, withheld taxes from Plaintiff, or included Plaintiff's name on its payroll. Plaintiff does not appear to address this argument, and she has not alleged that she was paid by Shore.

##### b. Notice to Shore

Shore argues that Plaintiff's LEDL claims against it should be dismissed because Plaintiff failed to provide Shore with notice of her claims as required by statute. Plaintiff argues that her counsel faxed two written letters offering to discuss settlement before suit was filed but that Shore refused to negotiate. Those letters were addressed to Dwight Caton as President of Modern.

(Rec. Docs. 57-2 & 57-3). Plaintiff argues that although the letters were technically addressed to Mr. Caton as President of Modern, they were faxed to the common office, and to the common fax machine, that Modern and Shore share. Both letters stated that Plaintiff's intention was to offer an opportunity for settlement, and one of the letters explicitly stated that Plaintiff intended to provide notice in compliance with the relevant statute. (Rec. Docs. 57-2 & 57-3). Plaintiff argues that Defendants' joint attorney acknowledged receipt of these letters and responded to them, and therefore, it is clear that Shore received written notice as required by statute, despite the fact that the letters were addressed to Mr. Caton as President of Modern. Shore points out that its name did not appear in either letter and that the letters were not technically faxed to Mrs. Yates-Caton, who is the owner of Shore, as a recipient. Additionally, Shore argues that Plaintiff's EEOC charge was never served on Mrs. Yates-Caton, but was only served on Mr. Caton, who is not affiliated with Shore; and therefore, Plaintiff's EEOC charge cannot be deemed to satisfy the statutory notice requirement.

### 2. LEDL Claims Against Modern

Modern argues that Plaintiff's LEDL claims against it should be dismissed because Modern does not employ more than twenty (20) employees in Louisiana and therefore is not considered an LEDL employer. Modern points out that Plaintiff has only alleged that

Modern has seventeen (17) employees, plus contract workers. Plaintiff directs the Court to the Title VII test for combining companies to meet the statutory definition of "employer," which examines the interrelation of the operations of the companies, as well as whether the companies have centralized control, common management, and common ownership or financial control. Plaintiff argues that Modern and Shore act as a common enterprise under the Title VII test because the companies share offices and operate from the same location, and because Mrs. Yates-Caton is arguably an employee or owner of both companies. Plaintiff contends that although Shore purports to employ 300 people, those employees are employed by Shore in name only and are actually employees of Modern for all legal purposes. Plaintiff claims that because Modern and Shore are a singular employer, Modern should be considered to have at least twenty (20) employees and thus should be deemed an LEDL employer.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).[2] When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-

---

[2] Defendants have filed a motion to dismiss or alternatively, a motion for summary judgment. The Court concludes that a motion for summary judgment is premature in this case. Defendants have not filed an answer in this matter, and consequently, the parties have not likely conducted extensive discovery. Therefore, the Court will treat the instant motion as a motion to dismiss as not as a motion for summary judgment.

pled facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court is not bound, however, to accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In order to be deemed legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, however, the claim must be dismissed. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Twombly*, 550 U.S. at 555; *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**DISCUSSION**

**A. Title VII Claims**

With respect to Title VII claims, the EEOC regulations state as follows:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such notice as described in § 1601.28(e) with copies to all parties, at any time prior to the expiration of 180 days from the date of filing of the charge with the Commission; provided that the District Director, the Field Director, the Area Director, the Local Director, the Director of the Office of Field Programs or upon delegation, the Director of Field Management Programs has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

29 C.F.R. § 1601.28(a)(2) (West 2009).

Defendants contend that Plaintiff was not permitted to file

suit against Defendants until 180 days after she filed her EEOC charges and that the EEOC's issuance of right-to-sue notices within 180 days of the filing of the charges indicates that the EEOC failed to fulfil its statutory obligation to investigate Plaintiff's claims. Defendants urge the Court to adopt the D.C. Circuit's reasoning in *Martini v. Federal National Mortgage Association*, where the court found that the EEOC regulation, 29 C.F.R § 1601.28(a)(2), is an invalid regulation and that Title VII plaintiffs may not bring suit until 180 days have passed from the time initial EEOC charges are filed. *Martini v. Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1340-48 (D.C. Cir. 1999). However, there is a circuit split on this issue, and although the Fifth Circuit has not ruled on the issue, all other circuits that have ruled appear to disagree with the D.C. Circuit.[3] These include the Ninth, Tenth, and Eleventh Circuits.[4]

---

[3] Note that the Supreme Court does not appear to have expressly ruled on this issue either. Defendants argue that according to the Supreme Court, a private right of action under Title VII does not arise until 180 days after an EEOC charge has been filed, and so a Title VII plaintiff must wait 180 days before filing suit. *Occidental Life Ins. Co. v. E.E.O.C.*, 432 U.S. 355, 361 (1977). However, Defendants admit in their *Opposition* that this statement by the Supreme Court is merely dictum, and the *Martini* court, upon which Defendants heavily rely, expressly acknowledged that the statement is dictum. *Martini*, 178 F.3d at 1341.

[4] *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984) (Ninth Circuit held that Title VII right-to-sue notices issued prior to the expiration of 180 days from the filing of an EEOC charge are valid); *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1271-73 (10th Cir. 2001) (Tenth Circuit found it inappropriate to dismiss a Title VII plaintiff's claims based on the plaintiff's receipt of a right-to-sue notice within 180 days of the filing of the EEOC charge); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1060-63 (11th Cir. 1994) (Eleventh Circuit held that the EEOC regulation, 29 C.F.R. § 1601.28(a)(2), is valid); *see also Weise v. Syracuse Univ.*, 522 F.3d 397, 412 (2d Cir. 1975) (Second Circuit found, under facts distinguishable from

It is clear that the EEOC has an express statutory duty to investigate all EEOC charges that are filed. 42 U.S.C. § 2000e-5 (West 2009). However, the Court finds persuasive the reasoning of the Ninth and Tenth Circuits that a Title VII plaintiff's "right to sue is conditioned only on her taking all steps necessary for administrative exhaustion, not on EEOC's performance of its administrative duties ... ." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1273 (10th Cir. 2001) (citing *Jefferson v. Peerless Pumps Hydrodynamic, Div'n of FMC Corp.,* 456 F.2d 1359, 1361 (9th Cir.1972)). As stated by the Tenth Circuit in *Walker*,

> Indeed, as a policy matter [a Title VII plaintiff] should be entitled to rely in good faith on the accuracy of a notice sent to her by a federal administrative agency. She should not be denied her day in court because of EEOC's negligence. Nor should she or her counsel ... be commandeered to act as EEOC's superintendent, obligated to oversee its processing of the charge to ensure that it is following its own regulations.

*Walker*, 240 F.3d at 1273.

Here, Plaintiff has requested and received right-to-sue

---

the instant case, that where it is unlikely that conciliation will occur, issuance of a Title VII right-to-sue notice three days after the charge is filed is acceptable).

notices, each of which clearly states that the EEOC was likely unable to complete an investigation within 180 days and that Plaintiff was required to file suit within ninety (90) days of receipt of the notices, lest she lose her right to sue. Plaintiff has taken all necessary steps to exhaust her administrative remedies, regardless of whether the EEOC has fulfilled its statutory duty. Therefore, Plaintiff's right-to-sue notice regarding Modern, issued on February 14, 2013, and her right-to-sue notice regarding Shore, issued on September 5, 2013, are both sufficient to enable her to bring suit.[5]

### B. Louisiana Employment Discrimination Law (LEDL) Claims

#### 1. LEDL Claims Against Shore

##### a. Shore's Employer Status

According to the Supreme Court of Louisiana,

> To be an employer for the purposes of the LEDL one must 1) receive services from an employee ... *and* in return give compensation to that employee and 2) must meet the

---

[5] With respect to Defendants' argument that the EEOC could not possibly have fulfilled its duty to investigate with respect to Shore because the EEOC charge was filed on September 4, 2013 and the right-to-sue notice was issued on September 5, 2013, the Court finds the Second Circuit's opinion in *Weise* instructive, despite that the facts in *Weise* are distinguishable from those in the instant matter. *Weise v. Syracuse Univ.*, 522 F.3d 397, 412 (2d Cir. 1975). In *Weise*, a first EEOC charge against an employer had been pending for more than 180 days when the EEOC issued a Title VII right-to-sue notice only three days after the filing of a second charge against the same employer. The court found that the issuance of a right-to-sue notice within three days, under circumstances where conciliation was unlikely to occur, was appropriate. *Id.*

> requirement of a minimum number of employees (currently twenty or more). ... In determining whether an employer gave compensation, factors to consider include: who paid the employee's wages; who withheld federal, state, unemployment, or social security taxes; whether the employee's name appeared on the employer's payroll; and whether the employee participated in the employer's benefit plans. Central to the determination of whether one is an employer for purposes of the LEDL is whether the defendant paid the plaintiff's wages and withheld federal, state, unemployment, or social security taxes from his check.

*Dejoie v. Medley*, 2008-2223 (La. 5/5/09); 9 So. 3d 826, 830 (citing *Onyeanusi v. Times-Picayune Publishing Corp.,* 485 So.2d 622, 623 (La. App. 4 Cir. 1986)).[6]

It appears that Plaintiff has not alleged any of the above

---

[6] Note that the definition of "employer" for LEDL purposes is distinct from the definition of "employer" for Title VII purposes. The LEDL defines "employer" in the following way:

> "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. "Employer" shall also include an insurer, as defined in R.S. 22:46, with respect to appointment of agents, regardless of the character of the agent's employment.

LA. REV. STAT. ANN. § 23:302(2) (2001).

factors that would indicate that Shore was her employer. Defendant argues that Shore did not pay wages to Plaintiff or withhold taxes from her and that Plaintiff was never on Shore's payroll. Plaintiff has never alleged otherwise. Therefore, Plaintiff has failed to sufficiently allege that Shore was her employer for purposes of the LEDL, and Plaintiff's LEDL claim against Shore must be dismissed.

### b. Notice to Shore

The LEDL contains the following notice requirement:

> ... A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

LA. REV. STAT. ANN. § 23:303 (2008). If a plaintiff fails to comply with the notice requirement before filing suit, and also fails to file a qualifying EEOC charge against a defendant, the plaintiff's claims must be dismissed. *Simpson-Williams v. Andignac*, 2004-1539 (La. App. 4 Cir. 4/20/05); 902 So. 2d 385, 387. For an EEOC charge to satisfy the notice requirement, the charge must "effectively

accomplish the same goals as the statutory notice under state law" and must be "provided to the person who has allegedly discriminated." *Johnson*, 767 F. Supp. 2d at 704. The purpose of the notice requirement is to give a defendant notice that it may be sued and that it should preserve evidence, and also to provide the defendant with sufficient time to attempt to resolve the claim outside of court. *Snear v. Turnbull Cone Baking Co. of Louisiana*, No. 93-2761, 1994 WL 34031, at *3 (E.D. La. Jan. 31, 1994) (Livaudais, J.); *Brown v. Menszer*, No. 99-0790, 2000 WL 1228769, at *2 (E.D. La. Aug. 23, 2000) (Duval, J.).

Even if Shore were considered to be Plaintiff's LEDL employer, the Court finds that Plaintiff failed to give sufficient notice to Shore. Even if the letters that Plaintiff faxed to Mr. Caton as President of Modern were sent to a fax machine that is shared with Shore, these letters could not reasonably have put Shore on notice that it might be sued. Neither of Plaintiff's letters mention Shore, and therefore, the most that could be gleaned from the letters would be that Modern might be sued, not that Shore might be sued. Plaintiff's EEOC charge regarding Shore was never served on Shore or on Mrs. Yates-Caton, but only on Mr. Caton, which similarly fails to provide Shore with adequate notice. Therefore, Plaintiff has failed to comply with the statutory notice requirement in this case, and Plaintiff's LEDL complaint against Shore must therefore be dismissed.

**2. LEDL Claims Against Modern**

To be an LEDL employer, Modern must have employed at least twenty (20) employees in Louisiana for each working day for at least twenty (20) calendar weeks in the current or preceding calendar year. LA. REV. STAT. ANN. § 23:302(2) (2001). The definition of "employer" for purposes of the LEDL is quite distinct from the definition of "employer" for purposes of Title VII. *Johnson v. Hosp. Corp. of Am.*, 767 F. Supp. 2d 678, 691 (W.D. La. 2011). Title VII allows separate entities to be joined together to constitute a single "employer" for purposes of the statute; however, it appears that no similar practice is authorized for LEDL claims. *See id.* at 691-693. Therefore, Plaintiff is not permitted to join Shore's employees with Modern's employees for purposes of reaching the twenty (20) employee minimum that is required under the LEDL, regardless of whether such a joining would be permitted under Title VII. Plaintiff has only alleged that Modern has seventeen (17) employees.[7] Therefore, Plaintiff has failed to state an LEDL claim against Modern, and this claim must be dismissed.

## CONCLUSION

Accordingly,

---

[7] Although Plaintiff also alleged that Modern has independent contractors, Plaintiff has never alleged that Modern paid compensation to those contractors, provided benefits to them, withheld taxes from them, or included them on the payroll. Plaintiff has never contradicted Defendants' contention that Modern does not pay compensation or provide benefits to the contract laborers. (Rec. Doc. 44-1, p. 15). Therefore, Plaintiff has not sufficiently alleged that any contract laborers should be considered employees of Modern for purposes of the LEDL.

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss or Alternatively, Motion for Summary Judgment* **(Rec. Doc. 44)** is **DENIED IN PART** insofar as it challenges Plaintiff's Title VII claims.

**IT IS FURTHER ORDERED** that Defendant's *Motion to Dismiss or Alternatively, Motion for Summary Judgment* **(Rec. Doc. 44)** is **GRANTED IN PART** insofar as it challenges Plaintiff's LEDL claims.

**IT IS FURTHER ORDERED** that Plaintiff's LEDL claims against Modern and Shore are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 8th day of January, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE